IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL MENDOZA, *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO.: 1:22-CV-00045 |
| LOUIS DEJOY POSTMASTER GENERAL, *Defendant.* | § § § § § | JURY DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Plaintiff Michael Mendoza (hereinafter referred to as "Plaintiff") in the above-referenced matter, complaining of and about Defendant Louis Dejoy Postmaster General (hereinafter referred to as "USPS" or "Defendant"), and for causes of action files this, his Original Complaint, showing to the Court the following:

### I. **PARTIES**

1. Plaintiff is an individual residing in Manor, Travis County, Texas. Plaintiff is a citizen of the United States and the State of Texas.

2. Defendant Louis Dejoy is the Postmaster General and Chief Executive Officer of the U.S. Postal Service and is being sued in his official capacity as the U.S. Postal Service. In accordance with Federal Rules of Civil Procedure Rule 4(i)(1)(2) Plaintiff is serving Defendant by serving the United States (as reflected in paragraph 4 below) and sending a copy of this pleading and summons to the Agency via certified mail.

3. Defendant USPS is an independent agency of the United States Government. In accordance with Federal Rules of Civil Procedure Rule 4(i)(1)(2) Plaintiff is serving Defendant by serving the United States (as reflected in paragraph 4 below) and sending a copy of this pleading and summons to the Agency via certified mail.

4. Plaintiff is serving the United States by serving to the U.S. Attorney for the U.S. Western District of Texas, Isabel M. Robison at U.S Attorney's Office for the Western District of Texas, P.O. Box 227078, Dallas, TX 75222-7078 via certified mail.

5. Plaintiff is serving a copy of summons and complaint to the U.S. Attorney General, Merrick B. Garland at U.S. Department of Justice - Civil Division, 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001 via certified mail.

## II.  JURISDICTION

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes: Title VII of the Civil Rights Act of 1964 (as amended) (which is codified in 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a)) (hereinafter referred to as "Title VII") and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

7. Venue is proper in the Western District of Texas - Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district where the Defendant's principal place of business exists.

## III.  NATURE OF THE ACTION

8. This is an action brought pursuant to Title VII to correct and recover for Defendant's unlawful racial discrimination, sex/gender discrimination, age discrimination, hostile work environment, retaliation, and to deter Defendant from continuing its unlawful and discriminatory employment practices.

*Plaintiff's Original Complaint*

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. On July 10th, 2014, Plaintiff filed a Charge of Discrimination (Charge No. 451-2015-00071X) with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") against Defendant for race discrimination, hostile work environment, and retaliation.

10. Subsequently, the EEOC issued Plaintiff a Notice of Right to Sue, received on 10/20/2021. Plaintiff files this lawsuit within ninety (90) days of receiving the Right to Sue notices. Therefore, this lawsuit is timely filed.

## V.  FACTS

11. Plaintiff was hired by Defendant on November 4, 1996, as a Casual Collector.

12. Mr. Mendoza continues to be a long-term, exemplary employee of USPS for twenty-five (25) years. During his tenure with USPS, Plaintiff continues to be discriminated against because of his age, race, and in retaliation for filing his 2014 EEO complaint, filing a complaint under Section 11c of the OSH Act of 1970, and the ongoing investigations and numerous complaints of discrimination made to management and to Human Resources.

13. Through sheer determination and hard work, Plaintiff eventually moved up in the organization to the role of 204B Supervisor, which would later be redacted from him as a form of retaliation. Plaintiff worked in a hostile work environment and was constantly faced with unwelcomed harassment, false accusations, ignored complaints, which concluded with little to no resolution. During their time in office, Plaintiff has filed several complaints to Sebren Camp and Robert Campuzano, who were his superiors. Both disregarded majority of his filed complaints, leading Plaintiff to file a complaint with the EEO.

14. On or around October 2012, Plaintiff was assigned to work with Ms. Angela

Laneaux at Washington Park Station as a 204B Supervisor.

15. On or around March 2013, Ms. Laneaux requested a couple of leave days, leaving Plaintiff in charge of the station.

16. Plaintiff understood his duties and was aware of the delinquent times Washington Park Station was constantly facing.

17. Plaintiff decided to conduct and run the station differently. This resulted in the station running smoother and having fewer delinquent times.

18. Ms. Laneaux later discovered that Plaintiff had run the store differently as to how she had trained him to do so.

19. Ms. Laneaux in a fit of rage shouted to both Mr. Camp and Mr. Campuzano, "Michael doesn't know what he is doing; he doesn't know how to run the floor; and he doesn't listen to managers."

20. Ms. Laneaux's actions led to Plaintiff's abuse of bullying, intimidation and disparate treatment from others.

21. Plaintiff completely blindsided by her slandering acts, requested for a meeting with Mr. Camp to defend himself, his work ethic, his character, and to also protect his position as a 204B Supervisor. Mr. Camp listened and discussed the incident. Unfortunately, this incident caused Plaintiff's demotion, he was to return to his position as a mail carrier.

22. Plaintiff had demonstrated his capability and dedication to Defendant, their agents, servants, employees, representatives, and all others with whom Defendant requires to do business with.

23. On May 28, 2014, Plaintiff and his wife, Crystal L. Flack, were both placed in an off-duty status without pay. Management claimed that an investigation had revealed that they had

engaged in unauthorized manipulation of time and attendance clock rings for each other. In El Paso, Texas it is a widespread and common practice for USPS' Station Managers, Supervisor and Acting Supervisors to enter "a missed basic clock rings(s)" without obtaining a PS Form 1260. Several managers and supervisors participated in the manipulation of clock rings.

24. Plaintiff and his wife were accused of Theft of Time and Money. Postmaster Tom Billington sent out an email in May 2014 instructing all managers and supervisors to ensure that the Letter Carriers do not receive additional time for delivery of Parcels. DOIS program software has been updated and now provides Carriers additional time for delivery. This is clearly unethical, immoral, and illegal. This is also a falsification of official documentation (i.e., showing the carrier this report and the volume has not been completely and accurately recorded).

25. There was no falsifying of clock rings or theft of USPS' funds by Plaintiff. Nevertheless, Plaintiff was placed in an emergency non-pay status during this investigation while others accused of the same were not. The Postal regulation applies to all employees in management. Employees are instructed to fill a PS Form 1260 for documentation purposes. Other people that have entered missing time/clock rings (e.g., including eRMS clock rings for leave purposes).

26. Plaintiff and his wife were the only ones placed on emergency placement, or issued discipline for the infraction of unauthorized manipulation of time, and the attendance clock rings when others engaged in the same infraction.

27. Roberto Brandado, a fellow colleague, held the same or higher position as Plaintiff. Mr. Brandado also participated in the manipulation of time clocks without a PS Form 1260 for his spouse Zinny Apodaca. He received no discipline, no reprimands, nor warnings.

28. Plaintiff contacted the Postmaster General and the Duty Post Master General, to

conduct an investigation regarding these allegations.

29. The Labor Relations office conducted a full investigation, which determined that in fact, this was a widespread tactic of USPS supervisors of entering missed clock rings without a PS Form 1260.

30. On Tuesday, May 27, 2014, the management officials were notified that Plaintiff was scheduled to be promoted in Austin, Texas as a Customer Service Supervisor (EAS-17) effective May 31, 2014. On Wednesday, May 28, 2014, Plaintiff was placed in an emergency non-pay status. Management retaliated and discriminated against Plaintiff because of his past involvement in EEO activity and the Discrimination Complaint packet that he sent to Kim Quayle, the Rio Grande District Manager. The EEO packet was signed and dated on 5/1/13 and the Discrimination Complaint packet was sent to the District Manager approximately in October 2013.

31. Plaintiff's emergency placement was expunged, and he returned to duty in June 2014, with backpay awarded to him as a city letter carrier, not his current salary pay of EAS17 Supervisor.

32. Plaintiff's promotion to McNeil Station in Austin, Texas was canceled due to the emergency placement, but as the emergency placement was expunged, his promotion should have been retroactive to May 2014.

33. This was an adverse action by Defendant, another form of retaliation against him. He was not notified nor given appeal rights.

34. Plaintiff reported after his promotion, he no longer had access to his work emails, therefore he could not receive correspondence from his superiors. Communication was done via email, therefore his access to them was pivotal for his new promotion.

35. Plaintiff later discovered that his computer access had been suspended. No

explanation or reason was given to him regarding the matter.

36. This resulted in Plaintiff being disqualified for a position at the Coronado Station, Airport Station, Pebble Hill Station, and Yeslita Station.

37. His suspended access to emails caused the delay of this invitation. Plaintiff was on vacation during this time; therefore he did not receive correspondence in a timely manner.

38. Coronado Station, Airport Station, Pebble Hill Station, and Yeslita Station later withdrew their invites to Plaintiff as a form of retaliation.

39. Plaintiff received an email notifying him that he was disqualified for these positions due to his failed test scores. Testing is conducted during an interview.

40. Plaintiff did not participate in said interview; therefore, these test scores are false.

41. On August 1, 2014, Plaintiff received a warning letter, regarding the investigation that had been conducted and finalized on June 20, 2014. USPS' protocol requires any warning letters that result from an investigation to be issued within a thirty (30) day limit.

42. Plaintiff was not able to appeal this warning letter because of the delay of Defendant's delivery to him.

43. Plaintiff discovered that several others were being investigated regarding the same matter, such as; Craig Williams, Francisco Villalobos, Jesus Gomez, and all supervisors, managers in 204B. The investigation determined that personnel had in fact been manipulating clock rings, no infractions, corrective action, or writeups were issued to this personnel.

44. After being constructively suspended, Plaintiff's stress increased, and his health conditions worsened. USPS failed to make any accommodations for Plaintiff's health, given that Plaintiff's health was related to the discriminatory and harassing work environment.

45. Plaintiff continues to be discriminated against by Defendant, USPS continues to

allow a hostile discriminatory workplace, with little to no rectification of his filed complaints.

46. Plaintiff has been retaliated against by USPS' management, they have continued to sabotage his reputation which has negated Plaintiff several promotion offers.

## VI. CAUSES OF ACTION
### COUNT 1
### RACE DISCRIMINATION
### PURSUANT TO TITLE VII

47. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

48. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his race.

49. Plaintiff is an African American (male); during his employment with Defendant, Plaintiff was subjected to ill-treatment by Laneaux, and others that had the effect of unreasonably interfering with Plaintiff's work performance and/or creating a hostile or offensive work environment for Plaintiff. Plaintiff lost work assignments because management allowed his non-African American employees to be treated more favorably

50. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect his status because of Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

### COUNT 2
### RACE DISCRIMINATION
### PURSUANT TO § 1981

51. Plaintiff hereby incorporates by reference all of the foregoing allegations in each of the paragraphs above as though fully set forth herein.

52. Defendant intentionally engaged in unlawful discriminatory practices against Plaintiff because of his race.

53. Any reason offered by USPS as reason for Plaintiff's suspension is pretext to cover USPS's discriminatory acts. Thus, USPS had no legitimate non-discriminatory reason to not accept promote Plaintiff. Lastly, Plaintiff can establish that his similarly situated, white counterparts were treated more favorably.

54. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of an employment opportunity or adversely affect his status because of Plaintiff's race in violation of Title VII of the Civil Rights Act of 1964.

55. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment, or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's employment status because of Plaintiff's race, in violation of 42 U.S.C. § 1981.

## COUNT 3
## SEX/GENDER DISCRIMINATION
## PURSUANT TO TITLE VII

56. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

57. Plaintiff is a male, which, in the situation described above and for the purposes of Title VII, makes him a member of a protected class.

58. Plaintiff was clearly qualified for his position at USPS, which the absence of any disciplinary or similar record will show.

59. Plaintiff was continuously overlooked for promotions, while other employees opposite of his sex were offered promotions.

60. Plaintiff was treated differently from other employees of USPS because of his sex.

61. No action was ever taken by Defendant to remedy or stop the harassing behavior of towards Plaintiff.

69. As such, Defendant discriminated against Plaintiff on the basis of sex by taking an adverse employment action against him, which action was never taken against similarly situated non-members of Plaintiff's protected class.

## COUNT 4
## DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE

70. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

71. Plaintiff is a qualified individual within the meaning of the ADAAA (42 U.S.C. § 12111(8)).

72. Defendant is an employer and covered entity under the ADAAA (42 U.S.C. §§ 12111(2), (5)(A)).

73. Plaintiff was an employee of Defendant under the ADAAA (42 U.S.C. § 12111(4)).

74. Plaintiff suffered from anxiety and mental stress that resulted from working in a hostile work environment. As such, Plaintiff suffers from a disability—a physical impairing condition that substantially limits a major life activity, including, sitting, walking, and working—within the meaning of the ADAAA (42 U.S.C. §§ 12102(1)(A), 2(A)&(B)).

*Plaintiff's Original Complaint*

75. Defendant regarded or perceived Plaintiff as having a disability within the meaning of the ADAAA (42 U.S.C. §§ 12102(1)(C), (3)(A)).

76. Defendant discriminated against Plaintiff on the basis of his disability in violation of the ADAAA (42 U.S.C. § 12112).

77. Defendant also discriminated against Plaintiff by being "regarded as" having a disability.

## COUNT 5
## AGE DISCRIMINATION
## PURSUANT TO TITLE VII

78. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

79. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of his age.

80. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect his status because of Plaintiff's age, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

## COUNT 6
## HOSTILE WORK ENVIRONMENT AND HARASSMENT

84. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

85. Through its unlawful and discriminatory employment practices including racial discrimination, sex/gender discrimination, disability discrimination, age discrimination,

hostile work environment, retaliation, Defendant subjected Plaintiff to a hostile work environment.

86. Defendant would allow colleagues to belittle, berate and intimidate Plaintiff for actions he did, while others similarly situated Caucasian counterparts were treated more favorably.

87. Therefore, Plaintiff was discriminated against by Defendant by being subjected to a hostile work environment, contrary to the applicable law of the United States, as interpreted in the relevant precedent of the Supreme Court and the Fifth Circuit.

## COUNT 7
## RETALIATION PURSUANT TO TITLE VII

88. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

89. Defendant intentionally retaliated against Plaintiff because of the complaints of racial discrimination, sex/gender discrimination, disability discrimination, age discrimination, hostile work environment, retaliation, made to Defendant in violation of Title VII.

## XII. JURY DEMAND

92. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submits the jury fee.

## XIII. PRAYER

93. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

    a. All damages to which Plaintiff may be entitled pursuant to this ;

b.  Compensatory damages, including, but not limited to, emotional distress;

c.  Past, present, and future physical pain and mental suffering;

d.  Punitive damages;

e.  Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

f.  Pre-judgment interest at the highest rate permitted by law;

g.  Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h.  Costs of Court; and

i.  Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully submitted,



Alfonso Kennard, Jr.
Texas Bar No.: 24036888
Southern District No: 713316
5120 Woodway Dr., Suite 10010
Houston, TX  77056
Telephone No.: (713) 742-0900
Facsimile No.: (832) 558-9412
Alfonso.Kennard@kennardlaw.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL FOR PLAINTIFF:**



Eddie Hodges

*Plaintiff's Original Complaint*

Texas Bar No. 24116523
5120 Woodway Dr., Suite 10010
Houston, TX  77056
Telephone No.: 713-742-0900
Facsimile No.: (832) 558-9412
Eddie.Hodges@kennardlaw.com