## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **MICHAEL MENDOZA,** | § | |
| | § | |
| | § | |
| | § | **CIVIL ACTION NO: 1:22-cv-0045** |
| *Plaintiff*, | § | |
| | § | |
| | § | **JURY DEMANDED** |
| **v.** | § | |
| | § | |
| **LOUIS DEJOY, Postmaster** | § | |
| **General** | § | |
| | § | |
| *Defendant*. | | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO
### DEFENDANT'S MOTION TO DISMISS

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE**:

Plaintiff files this response to Defendant Louis Dejoy, Postmaster General ("USPS" or "Defendant") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), filed on February 15, 2024. This response is filed within fourteen (14) days, and Plaintiff will respectfully show onto the Court as follows:

### I.    STATEMENT OF THE CASE

On January 18, 2022, Plaintiff filed his Original Complaint in federal court under Title VII of the Civil Rights Act; 42 U.S.C. §2000(e)(2)-(3) ("Title VII") and Section 1981, claiming race, sex, age, and disability discrimination/failure to accommodate, hostile work environment, and retaliation for engaging in protected activity.

On April 27, 2023, Defendant filed their first Motion to Dismiss. Dkt. 18.

On January 16, 2024, this Court granted in part and denied in part Defendant's Motion to Dismiss, dismissing all Plaintiff's claims, except, disability discrimination under the Rehabilitation Act, and race discrimination under Title VII. This Court granted Plaintiff leave to file an Amended Complaint to sufficiently plead claims under the Rehabilitation Act and Title VII. Dkt. 29.

On January 22, 2024, Plaintiff filed his Amended Complaint asserting claims for race discrimination under Title VII and disability discrimination under Rehabilitation Act. 42 U.S.C. § 2000(e)(2); 42 U.S.C. § 794. Dkt. 30.

Defendant's renewed 12(b)(6) Motion to Dismiss states, "Plaintiff failed to allege sufficient facts from which the Court can reasonably infer that the Defendant is liable for any of Plaintiff's claims." Dkt. 32 pg. 2. Defendant further asserts "both of Plaintiff's claims brought under the Rehabilitation Act are barred due to Plaintiff's failure to exhaust administrative remedies." To provide clarity Plaintiff will address each of his claims to show why there is no legal basis to support Defendant's Motion.

## II.    LEGAL STANDARD UNDER RULE 12(B)

The Federal Rule of Civil Procedure 12 (b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. The Court is required to **liberally construe the claims in the Plaintiff's favor, and all pleaded facts are taken as true**. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986) (emphasis added). The Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 n10 (2007).

*Plaintiff's Response in Opposition to Defendant's Motion to Dismiss*

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citations and footnote omitted); *Vanderbrook v. Unitrin Preferred Ins. Co.*, 495 F.3d 131 (5th Cir. 2007). Once a Plaintiff adequately states a claim, he or she may support this claim "by showing any set of facts consistent with the allegations in the complaint." *Twombly*, at 544 (2007).

In ruling on a Rule 12(b)(6) motion to dismiss, the district court cannot look beyond the complaint. *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, at 563 (2007). Thus, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id.* at 563 n.8.

Many of the facts that Defendant seeks for purposes of clarification are properly obtained through discovery, including interrogatories, production, and depositions. Under the Notice – pleading standard, Plaintiff does not have to set forth all of the facts in the Complaint. Accordingly, Defendant's Motion under FRCP 12(b)(6) should properly be **<u>DENIED</u>**, so that discovery can proceed.

### III.   ARGUMENT AND AUTHORITIES

A. <u>Plaintiff's demotion to mail carrier in 2013, is NOT administratively time-barred because the actions against Plaintiff are related to an organized scheme leading to adverse action against Plaintiff.</u>

Defendant asserts that Plaintiff failed to initiate contact with [an EEO] counselor within 45 days of the date of the matter alleged to be discriminatory, or in the case of a personnel action. Plaintiff's claims are not time barred as asserted in Defendant's Motion. The Fifth Circuit has found that the continuing violation doctrine may apply to all Title VII claims. *Messer v. Meno*, 130 F.3d 130 (5th. Cir. 1997) (the Fifth Circuit applied the continuing violation doctrine to Plaintiff's race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964). A "continuing violation," meaning a series of related acts, one of which falls within the limitations period, can extend the time to file a claim under Title VII. *See Webb v. Cardiothoracic Surgery Associates of North Texas, P.A.*, 139 F.3d 532, 537 (5th Cir. 1998).

Plaintiff has alleged in his live Complaint that the acts of "bad conduct" outlined in his EEO Charges are not discrete acts of discrimination, but instead these acts were a part of a continuing violation and should not be considered time barred. A continuing violation may be found if the proof shows a specific and ongoing policy or practice of discrimination, or if an employer allows specific, related instances of discrimination to continue unremedied such that those instances amount to a discriminatory practice or policy. *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 713 (2nd Cir. 1996) (emphasis added). The continuing violation exception to the statute of limitations provides that where evidence of an ongoing discriminatory policy or practice is present, the court may consider all of an employer's actions allegedly taken pursuant to such policy, even if some are time-barred. *See, e.g.*, *Estate of Martineau v. ARCO Chemical Co.*, 203 F.3d 904, 913 (5th Cir. 2000); *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998).

*Plaintiff's Response in Opposition to Defendant's Motion to Dismiss*

Here, it is necessary to understand the actions that led to Plaintiff's 2013 demotion and his failure to receive a promotion in May 2014 to understand the necessary facts to provide evidence of ongoing discriminatory policy and practice that was wholly related to the disparate treatment Plaintiff faced. The continuing violation doctrine is limited as follows: First, the Plaintiff must demonstrate that the "separate acts" are related, or else there is no single violation that encompasses the earlier acts. Here, the acts taken as a whole provide insight that it was an ongoing scheme against Plaintiff based on his protected class (race, sex, age, disability). Second, the violation must be continuing; intervening action by the employer, among other things, will sever the acts that preceded it from those subsequent to it, precluding liability for preceding acts outside the filing window. Plaintiff has provided factual allegations that the action is continuing and was not severed at any point. Plaintiff alleged "Plaintiff continues to be discriminated against by Defendant, USPS continues to allow a hostile discriminatory workplace, with little to no rectification of his filed complaint." Dkt. 1 ¶ 45. Plaintiff continued to feel the effects of the discrimination. Third, the continuing violation doctrine is tempered by the court's equitable powers, which must be exercised to honor Title VII's remedial purpose without negating the particular purpose of the filing requirement. *Ryals v. Am. Airlines, Inc.*, 553 F. App'x 402, 405 (5th Cir. 2014).

The evidence provides that there are many events that the 2013 demotion and the 2014 failure to promote that constitute an ongoing scheme directly related to Plaintiff's claims, which ultimately affected the events leading up to Plaintiff's failure to be promoted. Plaintiff has certainly not pleaded himself out of court based on a lack of exhaustion.

*Plaintiff's Response in Opposition to Defendant's Motion to Dismiss*

Therefore, the 2013 demotion is not time-barred and should be used as sufficient facts to establish this Court's jurisdiction over Plaintiff's continuing violation claims.

    B. PLAINTIFF HAS ALLEGED SUFFICIENT FACTS THAT AFFIRMATIVELY GIVE DEFENDANT NOTICE OF PLAINTIFF'S RACE AND DISABILITY DISCRIMINATION, CLAIMS UNDER TITLE VII AND THE REHABILITATION ACT.

Defendant's Motion asserts that "This Court Has No Jurisdiction Over Certain of Plaintiff's Claim." For one, Plaintiff is not required to pled specific facts establishing a prima facie case under the *McDonnell* framework. *Federal Rule of Civil Procedure 8(a)(2)* requires only that Plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewiz,* 534 U.S. at 507.

Plaintiff's live Complaint contains enough facts to give Defendant fair notice of each claim, as follows:

## DISCRIMINATION UNDER TITLE VII

**Plaintiff alleges race discrimination claims under TITLE VII:**

1. **Protected Class**: Plaintiff states he is in a protected class based on his race – African American. Dkt. 30 at ¶ 49.

2. **Adverse Employment Action:** Plaintiff alleges that Defendant discriminated against him by demoting him and failing to promote him because of his race. Plaintiff was qualified and scheduled for promotion. Failure to promote is an adverse employment action under Title VII. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq. *See Haire v. Bd. of Supervisors of La. State Univ. Agric.& Mech. Coll.*, 719 F.3d 356, 363 (5th Cir.2013). Dkt. 30 at ¶ 43-46.

*Plaintiff's Response in Opposition to Defendant's Motion to Dismiss*

3. **Disparate Treatment:** Plaintiff alleges "Plaintiff lost work assignments because management allowed his non-African American employees to be treated more favorably." Dkt. 30 ¶ 49. Plaintiff alleges several others were being investigated regarding the same matter, such as; Francisco Villalobos (Hispanic, nondisabled), Jesus Gomez (Hispanic, nondisabled), and all supervisors, managers in 204B. The investigation determined that personnel had in fact been manipulating clock rings, no infractions, corrective action, or writeups were issued to this personnel. Plaintiff was subjected to ill-treatment by Laneaux, and others that had the effect of unreasonably interfering with Plaintiff's work performance and/or creating a hostile or offensive work environment for Plaintiff based on his race, limiting Plaintiff's ability to receive promotions or pay increases. *Id.* This equates to a "**short and plain**" statement. Plaintiff has sufficiently pled facts to give Defendant fair notice of disparate treatment. Plaintiff has pled enough facts that would give inferences that non-African American similarly situated employees were **favorably promoted and not demoted**. Plaintiff has certainly not pleaded himself out of court based on "dissimilarity from his comparators," because Plaintiff has presented similar acts, in which non-African American employees who were qualified were given scheduled promotions.

**Plaintiff alleges disability discrimination claims under The Rehabilitation Act:**

Plaintiff alleges disability discrimination claims under the Rehabilitation Act. The standards under the ADA govern any inquiry into Rehab Act allegations. *Pinkerton v. Spellings*, 529 F.3d 513, 516–17 (5th Cir. 2008).

1. **Protected Class**: Plaintiff alleges he has a disability (physical disability, anxiety, and mental stress), and or was regarded as disabled. Dkt.30 ¶ 53-60. Plaintiff alleges he was qualified for all scheduled promotions.

2. **Adverse Employment Action:** Plaintiff alleges that Defendant discriminated against him by demoting him and failing to promote him because of his age. Plaintiff was qualified and scheduled for promotion. Failure to promote is an adverse employment action under Title VII. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq. *See Haire v. Bd. of Supervisors of La. State Univ. Agric.& Mech. Coll.*, 719 F.3d 356, 363 (5th Cir.2013).

3. **Disparate Treatment:** Plaintiff alleges Plaintiff alleges that he was treated differently from other employees because of her disability because he alleges Defendant failed to accommodate his disability. Plaintiff discovered that several others were being investigated regarding the same

matter, such as; Craig Williams (nondisabled), Francisco Villalobos (nondisabled), Jesus Gomez (nondisabled), and all supervisors, managers in 204B. The investigation determined that personnel had in fact been manipulating clock rings, no infractions, corrective action, or writeups were issued to this personnel. Plaintiff alleges Defendant also discriminated against Plaintiff and regarded Plaintiff as having a disability because of his medical history. Plaintiff alleges he was treated differently from employees not "regarded as" disabled because they were not demoted for similar performance/conduct as Plaintiff, and Defendant routinely promoted similarly situated non-disabled employees who were scheduled for promotion. This equates to a "**short and plain**" statement.

Plaintiff is not required to cite to summary judgment evidence in his Complaint, yet Defendant's Motion would make it appear that under the pleading standards of *Twombly* and *Iqbal* that the Complaint must contain "specific allegations as to similarity of his comparators" and "causal relationship between his protected activity and termination." Thus, the fact that Defendant subjectively believes Plaintiff's facts are "conclusory statements" cannot overcome the fact that Plaintiff has sufficiently met the pleading standard by pleading facts that would give Defendant notice of legally cognizable claims. The fact that Defendant believes the facts to be "mere conclusory statements" should provide enough evidence that Defendant has fair notice of the grounds upon which Plaintiff's claims rest. Even if Plaintiff had to make specific allegations of disparate treatment; the mere fact Plaintiff alleges specific acts of disparate treatment and has asserted clear adverse employment action should be enough to overcome those elements at this stage.

Defendant's Rule 12(b)(6) motion must be denied. Contrary to Defendant's assertions, there is no affirmative defense or other bar to relief that is clear from the face of the live Complaint. The affirmative defenses raised by Defendant are fact-intensive

inquiries that cannot be resolved at the pleading stage. A Plaintiff is not required to plead all the *prima facie* elements of a claim to satisfy the plausibility requirement. *Meadows v. City of Crowley*, 731 F. App'x 317, 2 (5th Cir. 2018) (holding that plaintiff did not have to submit evidence to establish a *prima facie* case of discrimination at [the motion to dismiss] stage, but she did have to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make her case plausible); *Jones v. Rooms to Go*, CIVIL ACTION No. 4:19-CV-03564, at *9 (S.D. Tex. July 6, 2020).

The party moving for dismissal has the burden of showing that no claim has been stated. *Servicios Azucareros de Venez. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012); *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).  The court should construe a plaintiff's allegations liberally because the Federal Rules require only "notice" pleading, not detailed fact pleading. Under Rule 8(a)(2), a pleading is only required to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014); *U.S. v. Uvalde Consol. Indep. Sch. Dist*, 625 F.2d 547, 549 (5th Cir. 1980).

Defendant failed to meet their burden of showing that Plaintiff's Title VII and Rehabilitation Act claims have not been adequately plead. Instead, Defendant confuses a 12(b)(6) motion, notice requirements, with summary judgement standards that would require discovery to be completed. Plaintiff has provided allegations in his live Complaint that would provide Defendant with notice of claims under the Title VII and the Rehabilitation Act. Contrary to Defendant's assertions there is no affirmative defense or

*Plaintiff's Response in Opposition to Defendant's Motion to Dismiss*

other bar to relief that is clear from the face of the live Complaint. The affirmative defenses raised by Defendant are fact-intensive inquiries that Defendant believes the facts to be "mere conclusions," which cannot be resolved at the pleading stage, therefore, Defendant's Rule 12(b)(6) motion must be **DENIED** in its entirety.

## IV.    CONCLUSION & PRAYER

For all the foregoing reasons, Plaintiff respectfully requests that the Court **DENY** Defendant's 12(b)(1) and 12(b)(6) Motion to Dismiss, and for all other relief at law or in equity to which Plaintiff is justly entitled.

Respectfully submitted,



_____
**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
Federal ID No. 713316
Alfonso.Kennard@kennardlaw.com
**Eddie Hodges Jr.**
Texas Bar No. 24116523
Southern District ID 3479748
5120 Woodway Drive Suite 10010
Houston, Texas 77056
Telephone: (713) 742-0900
Facsimile: (713) 742-0951
Email: eddie.hodges@kennardlaw.com
Email: filings@kennardlaw.com
**ATTORNEY FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I, Alfonso Kennard Jr., Attorney for Plaintiffs, certify that a correct copy of the foregoing has been served by electronic mail through ECF/Pacer case management system, on <u>February 29, 2024</u>, addressed to:

**JAIME ESPARZA**
United States Attorney

**Cassius R.P. Borel**
Assistant United States Attorney
Florida Bar No. 0751871
U.S. Attorney's Office
601 N.W. Loop 410, Ste 600
San Antonio, Texas 78216
(210) 384-7355 (tel)
(210) 384-7312 (fax)
cassius.borel@usdoj.gov
**ATTORNEYS FOR DEFENDANT**

_____
Alfonso Kennard Jr.

*Plaintiff's Response in Opposition to Defendant's Motion to Dismiss*