# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **MICHAEL MENDOZA,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:22-cv-00045-JRN** |
| | § | |
| **LOUIS DEJOY, POSTMASTER** | § | |
| **GENERAL;** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE JAMES R. NOWLIN
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Louis Dejoy's Motion to Dismiss, Dkt. 32. After reviewing the associated briefing and relevant caselaw, the undersigned recommends that the motion be granted in part and denied in part.

## I.      BACKGROUND

Plaintiff Michael Mendoza has worked for the U.S. Postal Service ("USPS") for roughly 25 years.[1] Dkt. 30, at 3. In October 2012, Mendoza was assigned to work with Angela Laneaux at Washington Park Station as a 204B Supervisor. *Id.* at 3-4. Six months later, Laneaux took leave and left Mendoza in charge of the station in her absence. *Id.* at 4. During that time, Mendoza made changes to the station's operating procedures to alleviate the delinquent times at Washington Park Station. *Id.* Upon

---

[1] Given the procedural posture of this dispute, the undersigned accepts all of Mendoza's well-pleaded facts as true. *See Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 217 (5th Cir. 2009) ("In ruling on a motion to dismiss, a court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.") (internal quotation marks omitted).

returning, Laneaux was upset at the changes Mendoza made in her absence; accordingly, Mendoza was demoted to mail carrier sometime between March and April 2013. *Id.* Mendoza signed a Discrimination Complaint in May 2013 and sent it to Rio Grande District Manager, Kim Quayle, in October. *Id.* at 6.

In May 2014, Mendoza and his wife, Crystal Flack, were placed in an emergency off-duty status without pay. *Id.* Management claimed that an investigation revealed that they had engaged in unauthorized manipulation of time and attendance "clock rings" for each other. *Id.* at 4-5. Mendoza claims that "it is a widespread and common practice" for USPS management to manipulate clock rings without filling out the requisite paperwork. *Id.* at 5. At least five other individuals were investigated for the same or similar allegations, but only Mendoza and his wife were placed into emergency non-pay status. *Id.* at 5, 7.

Although Mendoza's emergency placement was eventually expunged in June 2014, Mendoza lost a promotion to McNeil Station in Austin, Texas because of the investigation. *Id.* at 6. Also in June 2014, Mendoza was deprived of access to his work email and had his computer access suspended. *Id.* Mendoza says that this disruption is responsible for his disqualification from positions at four other stations. *Id.* at 7.

On January 18, 2022, Mendoza filed his Original Complaint under Title VII of the Civil Rights Act, claiming race, sex, age, and disability discrimination/failure to accommodate, hostile work environment, and retaliation for engaging in protected activity. Dkt. 1. Dejoy filed a Motion to Dismiss. Dkt. 18. This Court granted that motion in part, dismissing several causes of action and granting Mendoza leave to

amend. Dkt. 29. Mendoza amended his complaint, Dkt. 30, and now alleges three causes of action: (1) racial discrimination under Title VII; (2) disability discrimination under the Rehabilitation Act; and (3) failure to accommodate under the Rehabilitation Act. Dejoy now moves to dismiss those claims. Dkt. 32.

## II.      LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III.    DISCUSSION

### A.    Race discrimination under Title VII

Mendoza alleges a claim for race discrimination under Title VII.  Dkt. 30, at 8. Mendoza, who is African American, claims he was treated worse on account of his race when (1) he was demoted in 2013 for running the Washington Park Station differently than Laneaux trained him to do, and (2) he was placed on emergency non-pay status and locked out of his computer in 2014 after an investigation revealed that he had engaged in unauthorized manipulation of time and attendance "clock rings." Dejoy moves to dismiss the cause of action, arguing both that (1) Mendoza failed to

exhaust his administrative remedies with respect to the 2013 demotion, and (2) Mendoza's complaint fails to allege a causal connection between his protected status and an adverse employment action. Dkt. 32, at 6.

       1.    Administrative exhaustion

Before seeking judicial relief for a Title VII violation, employees "must exhaust their administrative remedies by filing a charge of discrimination with the EEO division of their agency." *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006). The Equal Employment Opportunity Commission ("EEOC") has promulgated regulations that require, among other things, that a federal employee initiate contact with an EEO counselor within 45 days of an alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1). "Because exhaustion is a prerequisite to suit, the court can dismiss a federal employee's discrimination claim for failure to exhaust." *Tudor v. Mayorkas*, No. 3:23-CV-0344-D, 2023 WL 7549192, at *2 (N.D. Tex. Nov. 14, 2023) (granting motion for judgment on the pleadings where plaintiff failed to administratively exhaust Rehabilitation Act claim).

Mendoza is bringing a Title VII claim for two discrete incidents. The first incident, his being demoted to mail carrier, occurred in March 2013. Dkt. 30, at 4. Mendoza failed to allege or provide any facts showing that he initiated contact with an EEO counselor within 45 days of his 2013 demotion. Dkt. 35, at 2. Accordingly, Mendoza failed to exhaust his administrative remedies as to his demotion to mail carrier and therefore cannot use those events as a basis for claims of discrimination. The second incident, his being placed on emergency off-duty status without pay,

occurred on May 28, 2014. Dkt. 30, at 4. Mendoza filed a Charge of Discrimination with the EEOC on July 10, 2014—44 days later. *Id.* at 3. Mendoza therefore exhausted his administrative remedies with respect to the 2014 incident, but not with respect to the 2013 incident.

Mendoza argues that the continuing-violation doctrine cures his failure to exhaust his administrative remedies with respect to the 2013 incident. Dkt. 34, at 5. "Primarily applied in employment discrimination cases, the continuing violation doctrine extends the limitations period when a violation manifests itself over time, rather than as discrete acts." *Doe v. United States*, 197 F. Supp. 3d 933, 939 (S.D. Tex. 2016), *aff'd*, 853 F.3d 792 (5th Cir. 2017), *as revised* (Apr. 12, 2017).

But the continuing-violation doctrine does not forgive Mendoza's failure to exhaust his administrative remedies here. That is because discrete acts are not entitled to the shelter of the continuing-violation doctrine. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-15 (2002). That rule makes sense. After all, some causes of action, like a claim for hostile work environment, take time to discover "because repeated conduct constitutes a part of the nature of the hostile environment claims." *Doe*, 197 F. Supp. 3d at 939. Contrast that with Mendoza's demotion, which was a discrete action capable of immediate identification. *See Morgan*, 536 U.S. at 114 ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify."). Accordingly, Mendoza's claim is not protected by the continuing-violation doctrine.

Because Mendoza did not initiate contact with an EEO counselor within 45 days of his 2013 demotion, his claims related to that 2013 demotion are barred. Accordingly, the undersigned will only consider Mendoza's Title VII racial discrimination claim with respect to his being placed on emergency non-pay status and locked out of his computer after the "clock ring" manipulation investigation in 2014.

### 2.    Causal connection

Dejoy next argues that Mendoza's Title VII racial discrimination claim should be dismissed with respect to the 2014 "clock ring" investigation because Mendoza has failed to allege a plausible causal connection between his race and an adverse employment action. Specifically, Dejoy contends that Mendoza has failed to provide sufficient comparators—other USPS employees with the same job, supervisor, and violations as Mendoza. *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017).

"[T]here are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an adverse employment action, (2) taken against a plaintiff *because of* her protected status." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (quotation marks and citation omitted). Importantly, it is *not* appropriate at this stage of the litigation to apply the standard *McDonnell Douglas* burden-shifting framework. *Id.* ("A court thus inappropriately heightens the pleading standard by subjecting a plaintiff's

allegations to a rigorous factual or evidentiary analysis under the *McDonnell Douglas* framework in response to a motion to dismiss.").

Mendoza alleges that he was treated less favorably due to his race after the 2014 "clock ring" manipulation investigation. As support, he provides the names of several other employees who, after having been found to manipulate clock rings, were not placed on emergency non-pay status and locked out of their computers: Craig Williams (African American), Francisco Villalobos (Hispanic), and Jesus Gomez (Hispanic).[2] Dkt. 30, at 7.

Dejoy argues that the inclusion of Craig Williams, who is African American, defeats Mendoza's claim of racial discrimination under Title VII. Dejoy argues that "[g]iven that both Mr. Williams and Plaintiff are African American, and both were investigated related to the manipulation of clock rings, the Court cannot reasonably infer that Plaintiff was disciplined *because* of his race, and Plaintiff's Title VII racial discrimination claim therefore fails and should be dismissed." Dkt. 32, at 9-10. As support, Dejoy cites *Coleman v. Saul*, No. 3:19-CV-2198-K-BT, 2021 WL 1117167 (N.D. Tex. Mar. 24, 2021), *aff'd sub nom. Coleman v. Kijakazi*, No. 21-10399, 2023

---

[2] Mendoza's complaint is somewhat unclear as to whether he is alleging additional comparators. The complaint reads: "Plaintiff discovered that several others were being investigated regarding the same matter, such as; Craig Williams (African American, nondisabled), Francisco Villalobos (Hispanic, nondisabled), Jesus Gomez (Hispanic, nondisabled), ***and all supervisors, managers in 204B***." Dkt. 30, at 7 (emphasis added). It is unclear whether the phrase "and all supervisors, managers in 204B" is listing additional comparators (i.e., a group of unnamed supervisors and managers) or merely clarifying that Williams, Villalobos, and Gomez are all supervisors or managers in 204B. Because Mendoza does not provide any additional characteristics of "all supervisors, managers in 204B," the undersigned will assume that this phrase qualifies the names listed before it, rather than adding an additional class of comparators.

WL 2660167 (5th Cir. Mar. 28, 2023). In *Coleman*, the court held that an African American plaintiff failed to "plausibly plead in her amended complaint that she was treated less favorably because of her race" where all of the comparators she provided were non-white. *Id.* at *5.

But Mendoza is not required to prove the ultimate merits of his claim at the pleading stage. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."). Rather, Mendoza is merely required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Put simply, "although a plaintiff may be required to identify a comparator at a later stage of the litigation, the plausibility of a discrimination claim does not hinge on alleging a comparator." *Jenkins v. City of Dallas, Tex.*, No. 3:22-CV-0960-B, 2024 WL 583490, at *5 (N.D. Tex. Feb. 13, 2024).

The undersigned finds that Mendoza has adequately alleged a Title VII claim for race discrimination related to the 2014 clock- ring and computer-lockout incidents. Mendoza alleges that he is African American and was treated unfavorably based on his race. Although he does not need to provide comparators, *see Jenkins*, 2024 WL 583490, at *5, he points towards to non-African American (Hispanic) employees who engaged in similar conduct but were not reprimanded. All of this creates a plausible inference that Mendoza was discriminated against because of his race—at the pleading stage, nothing more is required.

*Coleman* does not dictate a different result. There, an employee alleged a claim for racial discrimination under Title VII. 2021 WL 1117167, at *4. The court found that the employee did "not plausibly plead in her amended complaint that she was treated less favorably because of her race or sex than others similarly situated." *Id.* at *5. Specifically, the court took issue with the fact that all her alleged comparators were people of color. *Id.* ("Coleman describes one individual as an African American woman, another as a Black American man, and the third as a biracial man. The fourth, she states, is a Hispanic man.").

But *Coleman* had several distinguishing characteristics that are different from Mendoza's claim. First, before the court considered the comparator issue, the court held that "neither in her amended complaint nor in her response does Coleman sufficiently allege she suffered an adverse employment action." *Id.* at *4. Accordingly, the discussion surrounding comparators is dicta. *See United States v. Hicks*, 649 F. Supp. 3d 357, 361 (W.D. Tex. 2023) ("Anything not the 'court's determination of a matter pivotal to its decision' is dicta. Dicta is therefore 'entitled to little deference because they are essentially ultra vires pronouncements about the law.'") (quoting Bryan A. Garner, et al., The Law of Judicial Precedent 44 (2016)).

Moreover, the employee in *Coleman* provided self-defeating allegations that rendered her claims of race discrimination implausible. For instance, she stated that her employer "hir[ed] many people of different races, and different sex[es] for" certain job positions. That, coupled with the complete lack of any factual allegations supporting an inference of racial discrimination, was enough to render her complaint

implausible. That is distinct from Mendoza's complaint, which has detailed factual allegations supporting a plausible inference of race discrimination. Finally, to the extent *Coleman* can be read as requiring the allegation of similarly situated employees at the pleading stage, the undersigned finds it unpersuasive. More persuasive is the same court's more recent opinion in *Jenkins*, which held that "the plausibility of a discrimination claim does not hinge on alleging a comparator." 2024 WL 583490, at *5.

In short, Mendoza has adequately alleged a Title VII claim for race discrimination related to the 2014 clock-ring and computer-lockout incidents. The undersigned therefore recommends denying Dejoy's Motion to Dismiss with respect to that incident.

## B. Disability Discrimination and the Failure to Accommodate Under the Rehabilitation Act

Mendoza next alleges claims of disability discrimination and failure to accommodate, both under the Rehabilitation Act. Dejoy argues that Mendoza's Rehabilitation Act claims should be dismissed for three reasons: (1) Mendoza failed to exhaust his administrative remedies; (2) Mendoza failed to adequately plead that he is disabled within the meaning of the Americans with Disabilities Act; and (3) Mendoza failed to plead that he requested an accommodation.

### 1. Administrative exhaustion

The Rehabilitation Act provides "the exclusive remedy for a federal employee alleging disability-based discrimination." *Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir. 2008). "Plaintiffs are subject to the same procedural constraints under the

11

Rehabilitation Act, such as administrative exhaustion, that are set forth in Title VII." *Tanzy v. Mayorkas*, No. 3:20-CV-03161-X-BH, 2023 WL 2432915, at *4 (N.D. Tex. Feb. 21, 2023), *report and recommendation adopted*, No. 3:20-CV-03161-X-BH, 2023 WL 2432020 (N.D. Tex. Mar. 9, 2023) (citing 29 U.S.C. § 794a). "To properly exhaust administrative remedies, a claimant must initiate contact and request informal counseling from an agency EEO counselor within 45 days of the date of the matter alleged to be discriminatory." *Id.* "The failure to notify the EEO counselor in a timely fashion constitutes a failure to exhaust administrative remedies and acts as a bar to judicial pursuit of those claims, absent waiver, estoppel, or equitable tolling." *Id.* (quotation omitted).

Mendoza filed a Charge of Discrimination with the EEOC on July 10, 2014, "for race discrimination, hostile work environment, and retaliation." Dkt. 30, at 3. But Mendoza does not allege that his Charge of Discrimination raised the specific claims of disability discrimination and failure to accommodate. Further, Mendoza does not allege that he met with an EEO counselor regarding his disability discrimination claims. Where an EEO complaint fails to raise a specific claim in a timely fashion, those claims are administratively barred. *Teemac v. Henderson*, 298 F.3d 452, 454 (5th Cir. 2002). Accordingly, Mendoza has failed to exhaust his administrative remedies with respect to his Rehabilitation Act claims.

Mendoza argues, as he did with his racial-discrimination claim, that his failure to exhaust his administrative remedies is forgiven by the continuing-violation doctrine. However, as with his racial-discrimination claim, the continuing-violation

doctrine does not apply because the conduct Mendoza complains of are "discrete acts" not subject to the doctrine. *See supra* at 6; *see also Henson v. Bell Helicopter Textron, Inc.*, 128 F. App'x 387, 391 (5th Cir. 2005) (finding that a failure to accommodate is a "discrete act" not subject to the continuing-violation doctrine).

Because Mendoza has failed to exhaust his administrative remedies, the undersigned recommends granting Dejoy's Motion to Dismiss Mendoza's claims for disability discrimination and failure to accommodate. While that is enough to decide the case, the undersigned will nonetheless consider two additional reasons for dismissal asserted by Dejoy.

## 2. Failure to plead a disability

"To make a prima facie case of discrimination under the Rehabilitation Act, a plaintiff must demonstrate that (1) she has a disability; (2) she was qualified for her job; (3) she worked for a program or activity receiving federal financial assistance; and (4) an adverse employment decision was made solely by reason of her disability." *Tanzy v. Mayorkas*, No. 3:20-CV-3161-X-BH, 2021 WL 3625076, at *3 (N.D. Tex. July 20, 2021), *report and recommendation adopted*, No. 3:20-CV-03161-X-BH, 2021 WL 3618109 (N.D. Tex. Aug. 16, 2021). "While a plaintiff's complaint need not plead a prima facie case of discrimination in the motion to dismiss context, the prima facie elements are not entirely irrelevant, and no plaintiff is exempt from her obligation to allege sufficient facts to state all the elements of her claim." *Id.* (citation omitted); *see Dark v. Potter*, 293 F. App'x 254, 258-59 (5th Cir. 2008) (affirming dismissal under

the Rehabilitation Act where plaintiff failed to describe her disability or the facts surrounding her failure-to-accommodate claim).

Under the Rehabilitation Act, an individual with a disability is a person who has a physical or mental impairment which substantially limits one or more of his major life activities, has a record of such an impairment, or is regarded as having such an impairment. 42 U.S.C. § 12102(1).[3] Merely stating that one suffers from some sort of injury does not suffice to establish a plausible claim that that person is disabled. *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 656 (5th Cir. 2003) ("[N]either the Supreme Court nor [the Fifth Circuit] has recognized the concept of a *per se* disability under the ADA, no matter how serious the impairment."). Instead, a complaint must show that the plaintiff had a substantial limitation on "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Hamilton v. Sw. Bell Tel. Co.*, 136 F.3d 1047, 1050 (5th Cir. 1998) (quoting 29 C.F.R. § 1630.2(i)).

Mendoza has failed to adequately allege that he suffers from a disability within the meaning of the Rehabilitation Act. Mendoza alleges: (1) he suffered a physical disability from his service in the military, Dkt. 30, at 9; (2) he gave notice of how stress exacerbates his disabling conditions, *id.*; and (3) his physical disability coupled with anxiety and mental stress substantially limits a major life activity, including

---

[3] The Americans with Disabilities Act ("ADA") provides useful guidance, as "the language in the ADA generally tracks the language set forth in" the Rehabilitation Act, such that "jurisprudence interpreting either section is applicable to both." *Delano-Pyle v. Victoria Cnty., Tex.*, 302 F.3d 567, 574 (5th Cir. 2002) (quotation omitted, cleaned up). The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual." 42 U.S.C. § 12102(1)(A).

sitting, walking, and working, *id.* at 10. But Mendoza fails to describe *what* his disability is or *how* it limits a major life activity.

Nor does Mendoza describe in what way the USPS regarded him as having a disability. An individual is "regarded as being disabled" if he "(1) has an impairment that is not substantially limiting but which the employer perceives as substantially limiting, (2) has an impairment that is substantially limiting only because of the attitudes of others, or (3) has no impairment but is perceived by the employer as having a substantially limiting impairment." *EEOC v. E.I. Du Pont de Nemours & Co.*, 480 F.3d 724, 729 (5th Cir. 2007) (quoting *Waldrip*, 325 F.3d at 657). Accordingly, a company's "mere knowledge" of an employee's medical condition is not enough to support an inference than an employer regarded that employee as disabled. *Flanner v. Chase Inv. Services Corp.*, 600 F. App'x 914, 922 (5th Cir. 2015). Mendoza was therefore required to plead how a member of the USPS perceived him to be substantially limited at his job.

Because Mendoza has failed to adequately plead that he has a qualifying disability, or how he was regarded as disabled, his Rehabilitation Act claims should be dismissed. *See Mora v. Univ. of Tex. Sw. Med. Ctr.*, 469 F. App'x 295, 297 (5th Cir. 2012) ("Although Mora alleged that she is an alcoholic and recited that her alcoholism impairs a major life activity, she did not specify which of her 'life activities' is substantially limited. This is fatal to stating a valid claim for relief."); *Stewart v. AutoRevo, Ltd.*, No. 3:17-CV-0019-B, 2017 WL 5177119, at *3 (N.D. Tex. Nov. 8, 2017) ("These facts fall short of establishing Stewart is actually disabled. Stewart does not

plead any facts to provide a context from which the Court could draw a reasonable inference that his alleged back and neck pain rises to the level of a physical impairment."). This provides another independent basis for granting Dejoy's Motion to Dismiss Mendoza's Rehabilitation Act claims.

### 3.    Failure to request an accommodation

To prevail on a failure-to-accommodate claim, "a plaintiff must establish that (1) he is a qualified individual with a disability, (2) the disability and its consequential limitations were known by the covered employer, and (3) the employer failed to make a reasonable accommodation for such known limitations." *Mesa v. City of San Antonio*, No. CV SA-17-CA-654-XR, 2017 WL 5924263, at *4 (W.D. Tex. Nov. 29, 2017). Mendoza's claim fails prongs one and three. On prong one, Mendoza failed to adequately plead that he is a qualified individual with a disability. *Supra* at 11-14.

On prong three, Mendoza failed to allege that he requested an accommodation, which is fatal to his claim. *See Mesa*, 2017 WL 5924263, at *4 (dismissing complaint where plaintiff failed "to allege any facts indicating that he requested an accommodation or that a reasonable accommodation was denied"). Mendoza alleges only that "Defendant failed to provide [him] with any accommodations or engage in the interactive process after [he] gave notice of how the stress exacerbates his disabling conditions." Dkt. 30, at 9. But there can be no liability for failure to provide an accommodation that was never requested. *Taylor v. Principal Fin. Group, Inc.*, 93 F.3d 155, 165 (5th Cir. 1996) ("If the employee fails to request an accommodation, the

employer cannot be held liable for failing to provide one."). This provides another independently sufficient reason to dismiss Mendoza's failure-to-accommodate claim.

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Dejoy's Motion to Dismiss as to Mendoza's Rehabilitation Act claims and Title VII claim with respect to Mendoza's 2013 demotion and **DENY** the remainder of the motion. The referral of this case should now be **CANCELED**.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED May 7, 2024.


DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE